UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ALBERT GILLIS,

      Petitioner,                         CASE N0. 2:10-CV-14249
                                                HONORABLE PAUL D. BORMAN\
v.                                      UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

      Respondent,

_____/

**ORDER (1) GRANTING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT
OF HABEAS CORPUS, (2) THAT THE AMENDED PETITION BE SERVED UPON
THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND (3)
GRANTING RESPONDENT TIME TO FILE A SUPPLEMENTAL ANSWER TO THE
AMENDED PETITION FOR WRIT OF HABEAS CORPUS.**

Petitioner filed a petition for writ of habeas corpus with this Court on October 10, 2010,

seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application,

filed *pro se,* petitioner challenged his convictions for first-degree felony murder. In his original

petition, petitioner raises seven claims for relief. On April 29, 2011, respondent filed an answer

to the petition.

On November 28, 2011, petitioner filed a motion to amend the petition for writ of habeas

corpus, in which he seeks to amend his fourth claim that he raised in his original petition, in

which he argues that the Michigan Supreme Court, in adjudicating Petitioner's claims,

misinterpreted Michigan's felony murder and home invasion statutes. Respondent has not

responded to the motion to amend the petition for writ of habeas corpus.

For the reasons stated below, the motion to amend the petition for writ of habeas corpus

1

is **GRANTED.** The Court will further order the Clerk of the Court to serve a copy of the amended petition for writ of habeas corpus upon the Respondent and the Michigan Attorney General. The Court will also grant respondent an additional sixty (60) days to respond to the amended petition for writ of habeas corpus.

## I.  DISCUSSION

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998). A motion to amend a habeas petition may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant. *Smith v. Angelone*, 111 F. 3d 1126, 1134 (4th Cir. 1997)(internal citations ommitted). However, delay by itself is not sufficient to deny a motion to amend. *Coe*, 161 F. 3d at 342.

The Court will permit petitioner to amend his habeas petition. Petitioner's proposed amended habeas petition alleges additional support for the fourth claim he raised in his original petition, was not the subject of undue delay, and would not unduly prejudice respondent. Accordingly, the motion to amend should be granted. *See Riley v. Taylor*, 62 F. 3d 86, 92 (3rd Cir. 1995). Additionally, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, the Court will permit petitioner to amend his petition.

The Court will further order that the Clerk of the Court serve a copy of the Amended

Petition for Writ of Habeas Corpus filed November 28, 2011 [This Court's Dkt. Entry # 16] and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

Finally, because the Court will allow petitioner to amend his petition to raise additional arguments in support of his fourth claim, the Court will also grant respondent sixty (60) days to answer and brief the issues raised by the amended petition to ensure that respondent has sufficient time to fully address the amended petition. *See Stewart v. Angelone*, 186 F.R.D. at 344; Rules Governing § 2254 Cases, Rule 4.

## II.  ORDER

**IT IS HEREBY ORDERED** that the Motion to Amend the Petition for Writ of Habeas Corpus [Dkt. # 16] is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus filed on November 28, 2011 [Dkt. Entry # 16] and a copy of this Order on respondent and the Attorney General by first class mail.

IT IS FURTHER ORDERED That Respondent shall be given sixty (60) days from the date of this order to file a responsive pleading to the amended habeas petition.

**SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

DATED: _6-11-12_

3