UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John Gillis,

        Petitioner,

v.

Kenneth McKee

        Respondent.

Case No. 10-14249

Paul D. Borman
United States District Judge

___

**OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET AND (2) TRANSFERRING THE MOTION FOR RELIEF FROM JUDGMENT (ECF No. 34) TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

This Court denied the petition for writ of habeas corpus. *Gillis v. McKee*, No. 2:10-14249, 2013 WL 211264 (E.D. Mich. Jan. 18, 2013); *appeal dism*. No. 13-1181 (6th Cir. July 3, 2013); *cert. den.* 571 U.S. 1211 (2014).

Petitioner has filed a Rule 60(b) motion for relief from judgment. Petitioner seeks to reopen his earlier habeas case so that this Court can adjudicate his fourth claim, which this Court procedurally defaulted, on the merits. For the following reasons, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court transfers the Rule 60(b) motion for relief from judgment

1

to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

Petitioner filed a habeas petition, challenging his convictions on two counts of first-degree felony murder. This Court denied the petition with prejudice. Of relevance to the Rule 60(b) motion, this Court denied petitioner relief on his fourth claim, finding it to be procedurally defaulted because the claim was never exhausted with the state courts and petitioner no longer had an available state court remedy to do so, because he had already filed one post-conviction motion for relief from judgment and M.C.R. 6.502(G) prohibits the filing of a successive motion for relief from judgment in the absence of newly discovered evidence or a retroactive change in the law. *Gillis v. McKee*, 2013 WL 211264, at * 7-9.

Petitioner in his Rule 60(b) motion for relief from judgment argues that this Court should reopen his habeas petition and adjudicate his fourth claim on the merits. Petitioner states that subsequent to the denial of his first petition he was permitted by the state courts to file a second motion for relief from judgment to exhaust this claim and argues that his claim is only now ripe for consideration.

Petitioner seeks to reopen his case and vacate the original judgment. The Clerk of the Court must reopen the case to the Court's active docket for the purpose of facilitating the adjudication of petitioner's Rule 60 (b) motion. *See*

*Heximer v. Woods,* No. 2:08-CV-14170, 2016 WL 183629, at * 1 (E.D. Mich. Jan. 15, 2016).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time

it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, must be classified as a second or successive habeas petition under certain circumstances: Motions seeking leave to present: (1) a claim that was omitted from the habeas petition due to mistake or excusable neglect; or (2) newly discovered evidence not presented in the petition; or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, are a "second or successive habeas petition," and require authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See *Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Gonzalez,* 545 U.S. at 532.

Petitioner's attempt to reopen his earlier petition to adjudicate his fourth claim on the merits amounts to a successive habeas petition. This Court's dismissal of petitioner's fourth claim for unexcused procedural default, based on his failure to exhaust his claim, as well as the absence of any further state court remedies to properly exhaust it, would be considered a ruling on the merits for purposes of Section 2244(b)(3). *In Re Cook*, 215 F. 3d 606, 608 (6th Cir. 2000) (when petitioner's first habeas application was dismissed for procedural default arising from failure to exhaust state remedies where the statute of limitations had run on those remedies, the dismissal was "on the merits," and the petitioner's later habeas application was "second or successive," for purposes of § 2244(b)). The fact that petitioner subsequently exhausted this claim with the state courts after this Court had dismissed the claim as procedurally defaulted does not alter this analysis. *See Jones v. Woods,* No. 16-CV-13551, 2016 WL 6436782, at * 2 (E.D. Mich. Nov. 1, 2016).

Petitioner's current motion for relief from judgment is a successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization. Accordingly, the Clerk of Court is ordered to transfer the motion for relief from judgment to the United States Court of Appeals for the Sixth Circuit. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

# ORDER

The Court **ORDERS** that:

(1) The Clerk of the Court **REOPEN** the case to the Court's Active Docket.

(2) The Clerk of the Court is **ORDERED** to transfer the motion for relief from judgment (ECF No. 34) to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: May 6, 2021